GEORGE WETHERELL *vs.* MOSES STEWART, JR.

September 7, 1886.

Usurious Chattel Mortgage — Delivery of Property to Mortgagee — Conversion by Mortgagee.—S. held a chattel mortgage upon wheat and other personal property belonging to W., admitted to be usurious. It also contained a clause authorizing the mortgagee to take possession of the mortgaged property before it became due. A few days before it matured, he procured of W., the mortgagor, a writing, by which the latter, in terms, "turned over the property" described in the mortgage to S. The wheat was not, however, removed, but still remained in the granary of W., and under his control. Subsequently S. came to W.'s premises, and without his consent, and against his will, took and carried away the wheat, and thereafter sold the same. *Held,* that the mortgage was void, and that the property was not actually applied in payment of the same through the constructive possession obtained under the writing referred to, and that W. was entitled to recover the value of the wheat so taken in an action for the conversion thereof.

Same—Former Judgment.—*Held,* also, that the judgment in a subsequent action by W. to recover other property covered by the same mortgage, in which the question of usury was not raised, was not a bar to this suit.

The plaintiff brought this action in the district court for Wadena county, to recover the value of wheat alleged to have been unlawfully converted by the defendant. The action was tried before *Baxter,* J., without a jury, and judgment ordered and entered for plaintiff, from which the defendant appeals.

*P. V. Coppernoll,* for appellant.

*Law & Bullard,* for respondent.

VANDERBURGH, J. The defendant held a chattel mortgage against plaintiff upon the wheat described in the complaint, and other personal property, which was given to secure a note for $1,100, with interest at 10 per cent., dated May 1, 1883, and due October 1, 1883. The mortgaged property was left in the possession of the plaintiff, but the mortgage contained a provision allowing the defendant, in certain contingencies, to take the property into his own possession at any time.

The evidence tends to show that the defendant came to the premises of plaintiff about September 26, 1883, for the purpose of securing the property, and of taking proceedings to foreclose the mortgage; and arrangements were thereupon made between the parties, in respect to which the court finds that "the plaintiff turned over to the defendant the wheat in controversy in this action, under a writing, signed by him, substantially as follows: 'I hereby turn over to M. Stewart, Jr., the following described property: three bins of wheat,' etc.;" and that the same was receipted for by one Russell Wetherell, indorsed upon the same writing, as follows: "Received the above property of M. Stewart, Jr., which I hold subject to his order."

The complaint alleges that the wheat was wrongfully taken from the plaintiff by defendant on the 28th day of September, 1883, and afterwards converted by him; and the court so finds, though, by what is evidently a clerical mistake, the date is fixed as of October 28th. The court also finds the value of the wheat taken at 82 cents per bushel, and the amount at 610 bushels, which are the price and amount as fixed by defendant in his testimony. It is also found that, after the wheat was so taken by defendant, "he advertised and sold the same under said chattel mortgage." It is admitted that the note and mortgage were usurious.

The principal question in the case is the effect of the alleged delivery of the possession of the wheat, as evidenced by the writings above referred to, prior to the alleged seizure and conversion. The defendant contends that such delivery was a voluntary surrender of the property, upon or in payment of the mortgage, such as to preclude the plaintiff from raising the question of usury, or recovering the wheat or its value. The court, however, finds that such was not the nature of the transaction, and that the wheat was not turned over to the defendant in part-payment of the note, nor with the understanding that the title should pass absolutely, but for the purpose of surrendering the possession thereof to the defendant, as mortgagee, simply.

We think there is sufficient evidence in the case to support the finding. It appears that the defendant deemed himself insecure, and went out to plaintiff's farm, and had some negotiations with plaintiff

v.35m—32

on the subject, during which it appears that the plaintiff claimed the note was usurious, and was unwilling to pay more than the amount of the actual indebtedness due thereon. The result was the execution of the writing referred to, it being understood that the plaintiff should thereafter haul the wheat to market, to be delivered and applied on the debt, and some of it was accordingly so delivered by him on the 27th and 28th days of September. The remainder of the wheat still remained in plaintiff's granary, and in his actual control and possession. On the night of the 28th of September, defendant, being apprehensive that the wheat might be clandestinely removed by plaintiff, again went to his premises, accompanied by an officer, and a large number of men and teams, and took and carried off the wheat in controversy from plaintiff's granary, without his consent and against his will, and thereafter advertised and sold the same under his mortgage, as the court finds, and as the plaintiff's evidence tends to prove.

There was evidence on the part of defendant tending to prove a voluntary settlement subsequent to the taking, and an allowance and indorsement upon the note of the value of the wheat taken, by the mutual consent and agreement of both parties; but this is denied by the defendant, and the court finds otherwise. Under the findings of the court, the constructive delivery of the wheat to Russell Wetherell, to hold for the mortgagee, was not a transfer or application of the same in payment upon this note. Plaintiff might still defend against the mortgage, or resist its enforcement, and reclaim the wheat. The action can therefore be maintained.

2. The mortgage included, in addition to the wheat, certain live-stock and cattle belonging to the plaintiff, and they were also mentioned in the written instrument purporting to turn over the mortgaged property to the defendant, and receipted for by Russell Wetherell. They were subsequently taken by defendant, and an action of replevin was brought to recover the same by the plaintiff. In that action the defendant recovered, and the judgment therein is pleaded in bar in this action. The plea, however, cannot be sustained. The amended pleading in that action raised no issue of usury, and plaintiff did not claim to recover on that ground. He was at liberty, in

either action, to raise such issues as he was advised; and, the property being different, the pendency of the former action could not have been set up in abatement, nor is the former judgment a bar.

We have examined the entire record with much care, and fail to discern any other errors which substantially affect the merits of the case, which is necessarily disposed of on the ground first considered.

Judgment affirmed.